UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
UNITED STATES OF AMERICA,                       :
                                                :
                                   Government,  :         15 Cr 288 (RMB)
- against -                                     :
                                                :         **DECISION & ORDER**
RASHAWN DAVIDSON,                               :
                                                :
                                   Defendant.   :
------------------------------------------------------------x

This Decision & Order resolves defendant Rashawn Davidson's pro se motion for compassionate release, dated July 31, 2020, as amended on December 14, 2020 and supplemented on September 2, 2021 (collectively, "Motion"). For the reasons stated below, the Motion is respectfully denied.[1]

I. Background

On February 13, 2017, Davidson, then 30 years old, was found guilty of conspiring to distribute, and possess with intent to distribute, 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and possessing with intent to distribute 28 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(B). (Revised Final Presentence Report ("PSR") ¶ 7.) Davidson's Sentencing Guidelines range was 168 to 210 months, plus 12 to 18 months because Davidson had also violated the conditions of his supervised release from a previous conviction. (Sentencing Tr. 35, 39.) His offense level was 32 and his criminal history category was IV. (Id. at 35.) On May 24, 2018, the Court sentenced Davidson to 165 months' imprisonment, followed by five years of supervised release. (Id. at 40.)

---

[1] **Any issues or arguments raised by the parties but not specifically addressed in this Decision and Order have been considered by the Court and rejected.**

1

Davidson's convictions and sentence were affirmed by the Second Circuit on April 29, 2021. See United States v. Hart, 852 F. App'x 596 (2d Cir. 2021), cert. denied, 142 S. Ct. 279 (2021).

Davidson is incarcerated at FCI Allenwood (Medium) in Pennsylvania. Inmate Database, BOP. He has served 60 months of his 165-month sentence. His projected release date is January 31, 2029. Id.

Davidson contends in the Motion that: **(i)** he is "at a higher risk for severe illness from COVID-19" because he has the autoimmune condition myasthenia gravis; he takes prednisone, an immunosuppressant drug, to treat his condition; and he "smoked 2 to 3 packs of cigarettes per day for 12 years, in addition to his heavy marijuana smoking" (July 31, 2020 Br. at 1; Dec. 14, 2020 Br. at 9-10); **(ii)** he is "experiencing extreme stress," in part because the conditions of his incarceration "have worsened drastically" due to COVID-19 (Dec. 14, 2020 Br. at 10, 25); and **(iii)** the 18 U.S.C. § 3553(a) factors weigh in favor his release because "he has served more than 33% of his sentence." (Id. at 10.) Davidson also requests the Court to appoint counsel "to assist [him] in the litigation of his cause." (Dec. 14, 2020 Br. at 25.)

The Government opposes the Motion. (See Government's Opposition dated September 3, 2020; Government's Letter dated January 19, 2021.) The Government also submitted Davidson's BOP medical records, from November 3, 2020 to June 22, 2021 ("Med. Records").[2] The Government contends in its Opposition that: **(i)** "[t]he Centers for Disease Control does not list myasthenia gravis as among the conditions that heighten risk from COVID-19"; and "[t]he CDC places people who use immune weakening medicines in the category of those who *might* be at increased risk for severe illness from COVID-19," as distinguished from "the more serious

---

[2] The Government has requested that Davidson's medical records be maintained under seal.

category of those who *are* at increased risk" (Gov't Opp. at 5-6 (internal quotation marks omitted)); **(ii)** "Davidson's claim to suffer stress due to his fear of contracting COVID-19 does not present grounds for relief" (Gov't Ltr. at 1); and **(iii)** "all the § 3553(a) factors . . . require Davidson's continued incarceration." (Gov't Opp. at 7.)

II.  Legal Standard

"Before a compassionate-release motion can be considered on the merits, the defendant must exhaust administrative remedies." See United States v. Williams-Bethea, 464 F. Supp. 3d 562, 565 (S.D.N.Y. 2020).

When considering an application under 18 U.S.C. § 3582(c)(1)(A)(i), "a court may reduce a defendant's sentence only if it finds that extraordinary and compelling reasons warrant such a reduction." United States v. Beniquez, 2021 WL 260225, at *2 (S.D.N.Y. Jan. 26, 2021) (internal quotation marks omitted). "The defendant has the burden to show he is entitled to a sentence reduction." United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. Jan. 8, 2020).

The Court looks to § 1B1.13 of the Sentencing Guidelines for "guidance in the exercise of its discretion." United States v. Rodriguez, 2020 WL 7640539, at *3 (S.D.N.Y. Dec. 23, 2020). The district court may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).

"[C]ourts in this circuit have found that vaccination mitigates the risk an inmate faces from COVID-19 to the point that . . . he does not face an extraordinary risk from COVID-19." United States v. Kosic, 2021 WL 1026498, at *3 (S.D.N.Y. Mar. 17, 2021).

The 18 U.S.C. § 3553(a) factors, including the danger a defendant poses to the community, "override any extraordinary and compelling reasons justifying his release." United States v.

Serrano, 2020 WL 5259571, at *4 (S.D.N.Y. Sept. 3, 2020); accord United States v. Keitt, 21 F.4th 67, 73 (2d Cir. 2021).

III.  Findings

1. Davidson has exhausted his administrative remedies. See United States v. Sanchez-Olivo, 2021 WL 1440260, at *1 n.2 (S.D.N.Y. Apr. 16, 2021). The warden of FCI Allenwood (Medium) denied Davidson's request for compassionate release on July 28, 2020, stating that "your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence." (Dec. 14, 2020 Br. Ex. A.)

2. Davidson is 35 years of age. His medical records reflect that he has myasthenia gravis, vitamin D deficiency, and is prediabetes. (Med. Records at 1, 11.) Myasthenia gravis is "a chronic autoimmune neuromuscular disease characterized by varying degrees of weakness of the skeletal (voluntary) muscles of the body." (PSR ¶ 55.) As of June 17, 2021, Davidson is "on CellCept 500 mg BID for quite some time, [and] low dose daily prednisone." (Med. Records at 1.) He "has been tolerating both medications without problems" and "has been doing very well . . . ." (Id.)

3. The CDC lists a weakened immune system as associated with an increased risk from COVID-19 and advises that "[p]rolonged use of corticosteroids," such as prednisone, "or other immune weaking medicines can lead to secondary or acquired immunodeficiency." People with Certain Medical Conditions, CDC (Feb. 16, 2022), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. The CDC also lists "smoking, current or former" as associated with an increased risk from COVID-19. Id.

4. Davidson is vaccinated against COVID-19. He received the first dose of the Moderna vaccine on February 24, 2021 and the second dose on March 24, 2021. (Med. Records at 38.)

5. As of February 17, 2022, there were 2 active COVID-19 cases at FCI Allenwood (Medium) out of a total inmate population of 1,151. See COVID-19 Cases, BOP, https://www.bop.gov/coronavirus/ (last visited Feb. 17, 2022).

6. The 18 U.S.C. § 3553(a) factors weigh against Davidson's early release.

IV. Analysis

No Extraordinary and Compelling Circumstances Warrant Early Release

Davidson has not met his burden to identify extraordinary and compelling reasons warranting compassionate release.

Davidson's medical conditions do not rise to the level of extraordinary and compelling circumstances. See United States v. Lieberman, 2021 WL 66433 (D. Conn. Jan. 7, 2021) (denying compassionate release where defendant had a "weakened immune system" and used "the corticosteroid prednisone").

Davidson states, and his medical records confirm, that he is vaccinated against COVID-19. (See Sept. 2, 2021 Br. at 6, 10; Med. Records at 38.) "Courts have consistently denied compassionate release when the defendant is fully vaccinated, even when other health conditions are present." United States v. Farmer, 2022 WL 47517, at *3 (S.D.N.Y. Jan. 5, 2022); accord Kosic, 2021 WL 1026498, at *3. Davidson's assertion that "[t]he news is now full of stories where people have contracted COVID-19 after full vaccination" does not alter the analysis. (See Sept. 2, 2021 Br. at 10.) While "breakthrough infections have occurred in vaccinated people due to the Delta [and Omicron] variant[s] . . . generalized statements about vaccine efficacy do not amount to extraordinary and compelling circumstances – the vaccine is still highly effective at preventing

5

death and serious injury, even against the Delta and Omicron variants." Farmer, 2022 WL 47517, at *3; accord United States v. Jaber, 2022 WL 35434, at *3 (S.D.N.Y. Jan. 4, 2022).

Davidson argues that the conditions of his incarceration warrant compassionate release because the pandemic has resulted in "no programming at all, no access to mental health, very limited medical care, long periods without any rec and extended periods of lockdown," as well as "fear and anxiety [that] are past description." (See Sept. 2, 2021 Br. at 8-9.) While the Court acknowledges difficult conditions that prisoners have faced during the pandemic, BOP statistics indicate that only two inmates at FCI Allenwood (Medium) are testing positive for COVID-19 as of the current date. See COVID-19 Cases, BOP, https://www.bop.gov/coronavirus/ (last visited Feb. 16, 2022). And, Davidson's "generalized statements about the conditions of confinement do not constitute extraordinary or compelling reasons for compassionate release." See Farmer, 2022 WL 47517, at *3 (internal quotation marks omitted) (denying compassionate release where defendant asserted "that the conditions of his confinement have been particularly harsh and restrictive, marked by months of lockdowns, isolation in quarantine, fear of infection, and a lack of access to programming"); see also United States v. Padilla, 2020 WL 3958790, at *1 (S.D.N.Y. July 13, 2020) (denying compassionate release while acknowledging "sub-optimal conditions of confinement . . . during the pandemic"); United States v. Stevens, 459 F. Supp. 3d 478, 486 (W.D.N.Y. 2020) (lack of visitation, lack of programming, and threat of infection did not constitute extraordinary or compelling reasons for sentence reduction).

> The 18 U.S.C. § 3553(a) factors, including the danger Davidson poses to the community, weigh against early release

Granting Davidson's Motion would be inconsistent with the 18 U.S.C. § 3553(a) factors. For one thing, Davidson poses a danger to the community. His offense level was 32; his criminal history category was IV; his Guidelines range was 168 to 210 months' imprisonment. (Sentencing

Tr. at 39.) Davidson was a "core" member of the so-called "213 DTO," a criminal drug-trafficking organization that "controlled the narcotics trafficking" in an area in the Bronx. (PSR ¶¶ 9-11.) "The 213 DTO's operations were a major source of crime and violence in the area," including "35 shootings, of which 22 were fatal, as well as over 500 reports of shots fired" between 2011 and 2016. (PSR ¶ 10); see also United States v. Zubiate, 2020 WL 3127881, at *2 (S.D.N.Y. June 12, 2020) (internal quotation marks omitted) ("the Court cannot say that Defendant—who was engaged in a substantial narcotics business, trafficking in large quantities of cocaine and heroin . . . does not pose a danger to the safety of any other person or to the community.")

Davidson demonstrated a danger to the community even after his arrest. Prior to and during his trial, Davidson urged co-conspirators not to testify, and he intimidated witnesses by "publish[ing] their pictures on the internet, outing them as witnesses and encouraging threats against their life." (Gov't Opp. at 7 (citing Trial Tr. 1136-1142); see also Sentencing Tr. 16.) According to the Government, "his post regarding [a] cooperating witness drew death threats against that witness . . . ." (Gov't Opp. 7.)

The Government describes Davidson as "an unrepentant career crack supplier" who "has committed felonies under every form of judicial supervision, including bail, probation, and federal supervised release." (Gov't Opp. at 7, 8). Davidson committed the offenses for which he is currently incarcerated while on supervised release for conspiracy to sell crack cocaine in 2008. (PSR ¶ 37.) This is Davidson's third "stint" in prison for offenses related to distributing and possessing crack cocaine. (See PSR ¶¶ 36-37.)

Moreover, Davidson has committed multiple disciplinary infractions while incarcerated, including "possessing drugs/alcohol." (Disciplinary Records at 1.[3]) Davidson's history of

---

[3] The Government has requested that Davidson's disciplinary records be maintained under seal.

recidivism weighs against his early release. See United States v. Mazyck, 2020 WL 5517540, at *6 (S.D.N.Y. Sept. 12, 2020) ("Even if [defendant] had demonstrated that he is at risk [from COVID-19], he has not met his burden of demonstrating that his release would not present a danger to the community . . . [Defendant] distributed large quantities of crack cocaine and heroin in . . . the Bronx. Arrests, convictions, periods of incarceration, and parole were not sufficient to deter him from returning to drug trafficking.")

The Court also finds that reducing Davidson's sentence would be inconsistent with the seriousness of his offenses, providing just punishment, promoting respect for the law, and affording adequate deterrence. (Cf. Sentencing Tr. 37); see also United States v. Batista, 2020 WL 3249233, at *4 (S.D.N.Y. June 16, 2020).

V. Counsel

Davidson's request for appointment of counsel is respectfully denied. Among other reasons, Davidson "has failed to show that his application for compassionate release is likely to have merit." See United States v. Garrison, 2020 WL 5253219, at *1 n.1 (S.D.N.Y. Sept. 3, 2020).

VI. Conclusion & Order

For the foregoing reasons, the Motion for compassionate release (ECF No. 1112) is respectfully denied. Davidson's request for appointment of counsel is also denied.

The Government's request to file Davidson's BOP medical records and Davidson's BOP disciplinary records under seal is granted.

Dated: New York, New York
February 17, 2022

*Richard M. Berman*
**RICHARD M. BERMAN, U.S.D.J.**